IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:16CR00041-001 |
| v. ) | **OPINION** |
| ) | |
| **RICHARD HENRY KAYIAN,** ) | By: James P. Jones |
| ) | United States District Judge |
| Defendant. ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia, for United States; Richard Henry Kayian, Pro Se Defendant.*

The defendant, proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The United States has filed a motion to dismiss, to which the movant has responded. For the reasons stated, I will grant the motion to dismiss and dismiss the § 2255 petition.

I.

A jury convicted the defendant, Richard Henry Kayian, of conspiracy to manufacture, distribute, or possess with the intent to distribute oxycodone and at least 500 grams of methamphetamine, and using a communication facility in committing or facilitating a controlled substance offense, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and 851 (Count One), and conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Two).

At sentencing on July 5, 2018, I varied below the life term of imprisonment scored by the advisory sentencing guidelines and imposed a total sentence of 324 months, consisting of 324 months on Count One and 240 months on Count Two, to be served concurrently. Kayian appealed, but the judgment was affirmed. *United States v. Kayian*, 755 F. App'x 331 (4th Cir. 2019) (unpublished).

Kayian argues that his attorneys at trial and on direct appeal violated his Sixth Amendment right to effective assistance of counsel. Kayian challenges his trial counsel's failure to (1) object to the government's assertion that his prior conviction for cocaine possession did not qualify as a felony drug offense to support his sentence enhancement under 21 U.S.C. § 841(b)(1)(A); (2) challenge lab results of methamphetamine involved in the conspiracy; (3) request fingerprint analysis on the packages; (4) communicate effectively with him; (5) request exculpatory Brady material from law enforcement; (6) object to errors and inconsistencies within the Presentence Investigative Report (PSR); (7) move for acquittal; (8) object to the government's failure to go to trial within seventy days as required by the Speedy Trial Act, (9) challenge the sufficiency of information to support warrants and wiretaps issued against him; and (10) challenge all sentencing enhancements not decided by a jury. He also contends that his appellate counsel failed to make meritorious arguments on appeal.

II.

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States"; (2) that "the court was without jurisdiction to impose such sentence"; or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). The movant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (citation omitted).

Criminal defendants have a Sixth Amendment right to effective legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Ineffective assistance claims, however, are not lightly granted — "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686. To that end, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and that the defendant was prejudiced by counsel's alleged deficient performance. *Id.* at 687.

Deficient performance must be unreasonable under "prevailing professional norms," which "entail[] certain basic duties," like a "duty to advocate the defendant's cause," to "consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Id*. at 688.  But counsel must have "wide latitude" when "making tactical decisions" given the "variety of circumstances" that each case presents.  *Id*. at 689.  Thus, there is "strong presumption that . . . under the circumstances, the challenged action might be considered sound trial strategy." *Id*. (internal quotation marks and citation omitted).  The question is whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Id*. at 690.

To show prejudice, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.  Prejudice occurs where the error would have resulted in a "different sentence," *Wiggins v. Smith*, 539 U.S. 510, 535–36, 538 (2003), "the verdict would have been different," *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986), or the proceeding was "rendered unreliable, and hence . . . unfair," *Strickland*, 466 U.S. at 694.

III.

Kayian's arguments can be categorized as challenging his counsel's (A) failure to object to sentencing enhancements, (B) strategic decisions, and (C) alleged procedural errors. But Kayian has not overcome the presumption that these decisions were competent assistance or shown that they likely would have caused a different outcome in the proceedings.

A.

Prior to sentencing, on October 6, 2017, the government filed an Amended Sentencing Information Enhancement pursuant to 21 U.S.C. §§ 841(b)(1)(A), 846, and 851, advising Kayian he had a prior conviction for a felony drug offense, which had become final, namely that he had been convicted and sentenced on or about March 20, 1997, in the Circuit Court of Hillsborough County, Florida, of possession of cocaine, in violation of Florida Statute § 893.13(6)(a). In accord with § 851, at the sentencing hearing, I advised Kayian of this notice and inquired as to whether he admitted or denied that he had been so convicted as set forth in the government's § 851 information. He admitted it. Sent'g Tr. 4, ECF No. 1011. Under 21 U.S.C. § 841(b)(1)(A) as it existed at the time, the prior conviction required a statutory mandatory minimum sentence of twenty years for the offense charged in Count One. Otherwise, there would have been a mandatory minimum sentence of ten years imprisonment. *Id.*

Kayian's Base Offense was determined by the large quantity of methamphetamine involved in his crime, and together with an additional specific offense characteristic and an adjustment for his leadership role in the conspiracy, his Total Offense Level was 44, which, together with his Criminal History Category of I, resulted in a guideline range of life imprisonment.

A prior conviction for a "felony drug offense" is defined as an offense that is "punishable by imprisonment for more than one year." 21 U.S.C. § 802(44). Kayian argues (1) that his 1997 conviction for possession of cocaine in a Florida state court was not a match because Florida's sentencing scheme would have prohibited a judge from imposing a one-year prison term given his minimal criminal history and the crime of conviction. In *United States v. Simmons*, the Fourth Circuit held that a North Carolina conviction did not meet the one-year imprisonment requirement for a felony drug offense because the unique sentencing regime prohibited the state court judge from imposing incarceration given the defendant's criminal history and crime. 649 F.3d 237, 241 (4th Cir. 2011). Likewise, a judge of this court has suggested that a Florida conviction for marijuana possession would not meet the required imprisonment threshold for a felony drug offense where the guidelines would foreclose a yearlong term of imprisonment for the same reasons. *Williams v. United States*, No. 5:12CR00014, 2016 WL 6780027, at *5 (W.D. Va. Nov. 15, 2016).

But even if counsel's failure to object to the felony drug offense enhancement constitutes deficient performance, the defendant still has not shown prejudice, namely that I would have imposed less time in prison. The sentencing guidelines and factors under 18 U.S.C. § 3553(a) supported a lengthy sentence. The guidelines recommended a life term of imprisonment. As I noted at the sentencing hearing, the § 3553(a) factors also necessitated a lengthy sentence to adequately punish the defendant for the seriousness of his crime, his leadership role, and to protect the public. Sent'g Tr. 9-10, ECF No. 1011. The characteristics of the defendant also weighed toward a lengthy sentence because the defendant recruited his adult children and their friends to sell drugs on his behalf. *Id*. at 10. Lastly, I considered it important to impose a sentence "significantly higher" than the twenty-five and sixteen-year sentences that the defendant's coconspirators received to prevent disparate results. *Id*. at 11. Contrary to the defendant's argument, he was not eligible for a sentence reduction under the safety valve, because he was a leader in the conspiracy. *See* 18 U.S.C. § 3553(f)(4). Given the factors that I considered when sentencing the defendant, he has not shown that he would have received less than 324-month sentence of imprisonment on Count One absent the mandatory minimum sentence of 240 months.

B.

Nor has Kayian overcome the strong presumption that his trial counsel's strategic decisions were within the "wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Specifically, the defendant points to his attorney's failure to (2) challenge the Las Vegas police department's forensic laboratory results indicating seized methamphetamine was 100.5% ± 4.7% pure, Gov. Ex. 8, ECF No. 732-2, and (3) request a fingerprint analysis, obtain expert witnesses, or hire investigators. But the government's proof of the defendant's guilt did not turn on either of those things. Regardless of the Las Vegas police department's results, the DEA's laboratory results verified that the purity of the methamphetamine was 94%. PSR 5, ECF No. 956. Moreover, there was substantial evidence that the defendant sent the packages which reasonably obviated the need to request fingerprint analysis. Indeed, "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691. Kayian has not shown that these tactical decisions were unreasonable given the facts at trial. *See Stevens v. Warden, Md. Penitentiary*, 382 F.2d 429 (4th Cir. 1967) (failure to call witness was tactical decision and not ineffective assistance of counsel).

C.

Finally, Kayian has neither factually supported his allegations that his counsel made procedural errors, nor has he shown how they likely prejudiced him.  The defendant argues specifically that his trial counsel failed to (4) communicate effectively with him; (5) request exculpatory Brady material to use for impeaching witnesses; (6) object to errors and inconsistencies within the PSR; (7) move for acquittal; (8) object to the government's failure to bring a trial within seventy days as per the Speedy Trial Act; and (9) challenge the sufficiency of information to support warrants and wiretaps issued against him.  Also, the defendant contends that (11) his appellate counsel failed to argue anything meritorious on appeal.

These allegations are wanting in detail.  Moreover, these arguments are not likely to have altered the outcome of the proceedings.  What did the trial counsel fail to communicate to Kayian that caused a different result at trial?  Would a request for Brady material have yielded more than what the government had an affirmative obligation to disclose?  What material errors exist in the Presentence Investigation Report?  What evidence supported a motion for acquittal?  Since Kayian waived his speedy trial rights, Waiver of Speedy Trial, ECF No. 175, does he allege that he waived without advice of counsel, or did so unknowingly or unintelligently?  Lastly, how was information supporting warrants or wiretaps defective?   These "vague and conclusory allegations contained in [the] § 2255 petition may be disposed of without

further investigation." *Dyess*, 730 F.3d at 359.  Kayian has not shown that these arguments would have altered the outcome of the proceedings given the "totality of the evidence" of his guilt.  *Strickland*, 466 U.S. at 695.

Kayian has not shown (10) that there were any sentencing enhancements that were properly the province of the jury and were not so decided by it.[1]

### IV.

For these reasons, the United States' motion to dismiss will be granted and the § 2255 motion will be dismissed.  A separate final order will be entered herewith.

DATED:   November 23, 2020

/s/  JAMES P. JONES
United States District Judge

---

[1] The jury in its verdict, ECF No. 789, determined the quantity of methamphetamine attributable to Kayian.