# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:16CR00041-001 |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **RICHARD HENRY KAYIAN,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Lee S. Brett, Assistant United States Attorney, Roanoke, Virginia, for United States; Andrea Harris, Assistant Federal Public Defender, Charlottesville, Virginia, for Defendant.*

Richard Henry Kayian has filed a supplemental motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) due to his health issues, particularly alleged dental issues. The government opposes the motion. For the following reasons, the defendant's motion will be denied.

I.

The defendant was sentenced on July 5, 2018, to a total term of 324 months' incarceration following his conviction of conspiracy to manufacture, distribute, or possess with intent to distribute controlled substances or to use a communication facility in committing or facilitating a controlled substance in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and 851, as well as for conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h).

In his present motion seeking a reduction in sentence, the defendant contends that he is suffering from health conditions for which the Bureau of Prisons (BOP) is not providing adequate treatment. He asserts that this lack of adequate treatment constitutes an extraordinary and compelling basis upon which to grant compassionate release. Specifically, he alleges that his teeth were extracted years ago and he has not been given dentures by the BOP to date. Additionally, he alleges that he suffers from Diabetes Type II, Chronic Pulmonary Obstructive Disease (COPD), diabetic neuropathy, hepatitis C, and hyperlipidemia. Further, the defendant argues that the applicable factors set forth in § 3553(a) weigh in favor of his release.

The government contends that the defendant's arguments are acontextual and points out that there are valid reasons why the defendant has not yet received the dentures he requires. Additionally, the government has furnished evidence demonstrating that the defendant has maintained a healthy weight and is capable of consuming tough foods. The motion is ripe for decision.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Fourth Circuit held in *United States*

*v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant, including the length and disparateness of the sentence. Recent amendments to the U.S. Sentencing Commission's guidelines (USSG) have adopted that position. USSG § 1B1.13(b)(5) (2023). Even if the court finds an extraordinary and compelling reason, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021).

I find that the defendant's dental issues do not constitute an extraordinary and compelling reason for relief. Several years ago, the defendant underwent a dental procedure. Sealed Medical R. 105, ECF No. 1808. It was also medically documented that the defendant was edentulous (lacking teeth) and that this condition made it hard to chew. *Id*. at 39, 127, 148. Although the defendant did drop from 210 pounds at the time of Presentence Investigation Report (PSR) to 171 pounds in May of 2023, *compare* PSR ¶ 414, ECF No. 956 *with* Sealed Medical R. 65, ECF No. 1808, the defendant appears to have regained a substantial portion of that weight. *Id*. at 10, 32, 47. The government has also attached receipts from the commissary, and those receipts demonstrate that the defendant has continued to purchase foods that are crunchy or chewy such as Doritos, other chips, and various bars. Resp. Opp. Mot., Ex. C at 4, 10, 14, ECF No. 1806. Lastly, the defendant's dental problems are

currently being remedied by the BOP and he will soon have dentures. Resp. Opp. Mot. 6–7, ECF No. 1806. Thus, while the defendant's dental issues warrant sympathy from the court, they do not provide an extraordinary and compelling basis for relief.[1]

As for the defendant's other conditions, Type 2 diabetes, hyperlipemia, depression, COPD, and gastritis, they and similar conditions have not typically been found to constitute extraordinary and compelling reasons for compassionate release absent extreme circumstances — circumstances that were not argued here. *See United States v. McNebb*, No. 4:12CR00001-004, 2023 WL 4355052, at *1 (W.D. Va. July 5, 2023). In any event, the defendant has not offered any reason upon which to conclude that his conditions should be treated differently than in other cases where the court has denied relief.

Considering the foregoing, I find that the defendant is not qualified for such extraordinary relief.

---

[1] The government also raises the concern that release from prison would set back rather than remedy the defendant's medical concerns. This may be true, but the result in this case is independent of that possibility. A prisoner may well be better off in some respects by virtue of his incarceration, but that does not mean that the court is in a better position than the defendant to weigh the relative values of liberty and health care, even if it may agree with the government.

-5-

III.

Accordingly, it is **ORDERED** that the Motion for Compassionate Release, ECF No. 1789, is DENIED.

ENTER: April 5, 2024

/s/  JAMES P. JONES
Senior United States District Judge